RAFAEL RODRÍGUEZ PACHECO, Plaintiff and Appellee, v. MANUEL MIGUEL MUDAFORT, Defendant and Appellant.

No. 7537. Argued January 24, 1938.—Decided February 11, 1938.

V. Géigel Polanco for appellant. Monserrat & Monserrat for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

On December 6, 1937, this Court granted the appellant an extension of time to file his brief in the case which was to expire on January 2, 1938. Appellant was then admonished

that no new extension would be granted except for really meritorious reasons.

Two days before the expiration of the above extension, that is on December 31, 1937, appellant filed a motion in which he alleges:

(1) That within the term granted him, the appellant has been preparing his brief and has finished it except for one assignment of error, which he considers essential to his appeal, and which refers to the area of the properties in litigation as this appears from the deeds and the registry of property.

(2) That in order to support the alleged error it would be necessary for the appellant to bring to this Court's attention certain documents which were admitted in evidence by the lower court.

(3) That by an excusable oversight the transcript of evidence was not timely filed.

Appellant prays that he be permitted to file the transcript of evidence, or at least, the documents described in his motion, and that he be granted a final extension of twenty days to file his brief.

On January 11, 1938, appellant was ordered to notify his motion to the appellee, and a hearing was set for January 24. Appellant did not appear; he submitted his petition in writing and without a brief. Appellee attended the hearing and has filed a writing in opposition to the motion of the other party.

It is necessary to consider, even though briefly, the history of the case as it appears of record, before deciding the motion of the appellant. Let us review it.

On February 26, 1937, the District Court of San Juan rendered judgment for the plaintiff in this case, and on the 15th of the following month the defendant moved for a reconsideration. On the following April 3d, while the motion for reconsideration was still pending, the defendant appealed from the judgment to this Supreme Court. On April 29, the

lower court denied the motion for reconsideration, from which order as well as from the judgment of February 26, the defendant appealed on May 10, 1937. Ten days elapsed and the appellant neither filed, nor moved for an extension to file, the bill of exceptions and statement of the case mentioned in Section 299 of the Code of Civil Procedure. Nor did he apply for an order to have the stenographer transcribe his stenographic notes, in accordance with the act providing for the substitution, at the election of a party, of the bill of exceptions and statement of the case, by a transcript of the evidence, approved in 1917 (Laws, (2) p. 275). In view of this, the appellee moved for a dismissal of the appeal. On June 18, 1937, appellant filed a petition with this Court for time to prepare and file the transcript of evidence in the lower court. By order of this Supreme Court of July 6, 1937, the permission requested by appellant was denied, without prejudice, nevertheless, to the prosecution of his appeal by submitting for our consideration those errors which should appear from the judgment roll. We also denied the motion to dismiss presented by the appellee.

The first of the two petitions now formulated by the appellant is a reproduction of what he attempted on June 18, 1937, and which was denied on July 6. The appellant should conform to what was then decided.

The other petition contained in the motion should likewise be denied. When appellant was granted a final extension for filing his brief, he was informed that we would only grant a new extension if really meritorious circumstances should arise. Appellant does not present a single reason which would induce us to exercise our discretion. Reference is made to the extension only when it is prayed for in the motion. No affidavit of merits has been filed and the motion is not even verified by an oath.

The motion of the appellant should be denied *in toto*.

Mr. Justice Córdova Dávila took no part in the decision of this case.